# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 99-1807

————————

Charles C. Jackson,                     *
                                        *
    Plaintiff - Appellee,               *
                                        *  Appeal from the United States
v.                                      *  District Court for the
                                        *  Eastern District of Missouri.
City of St. Louis; Thomas A. Astorino,  *
    Defendants - Appellants,            *
                                        *

————————

Submitted:  February 17, 2000

Filed:  August 11, 2000

————————

Before RICHARD S. ARNOLD, LOKEN, and HANSEN, Circuit Judges.

————————

LOKEN, Circuit Judge.

    Charles Jackson, a Health Service Manager for the City of St. Louis, brought this civil rights action against the City and two former supervisors, alleging they had delayed his promotion because he is African-American. After a lengthy jury trial, the jury returned separate verdicts against the City on Jackson's claim under Title VII, and against the City and one individual defendant, Thomas Astorino, on Jackson's claims under 42 U.S.C. §§ 1981 and 1983. Consistent with the jury awards, the district court[1]

———————————————

[1]The HONORABLE JEAN C. HAMILTON, Chief Judge of the United States District Court for the Eastern District of Missouri.

entered judgment against the City for $67,621.20 in back pay and other damages, and against Astorino for $20,000. The court denied defendants' post-trial motions for judgment as a matter of law (JAML), new trial, and remittitur. The City and Astorino appeal. We affirm.

## I.

At the close of evidence, defendants moved for JAML on the § 1981 and § 1983 counts, but the City did not move for JAML on the Title VII count. On appeal, defendants argue there was insufficient evidence of race discrimination to support the jury's verdict on any of Jackson's claims. The City further argues it is entitled to JAML on Jackson's § 1981 and § 1983 claims because he failed to prove that a municipal policy or custom caused his injuries. See City of St. Louis v. Praprotnik, 485 U.S. 112, 128-31 (1988); id. at 137-42 (Brennan, J., concurring); Monell v. Department of Soc. Servs., 436 U.S. 658, 690-95 (1978).

**A. The City.** Under Rule 50(b) of the Federal Rules of Civil Procedure, "a litigant who fails to move for judgment as a matter of law at the close of the evidence cannot later argue -- either in a post-trial Rule 50 motion or on appeal -- that the verdict was supported by insufficient evidence." Pulla v. Amoco Oil Co., 72 F.3d 648, 655 (8th Cir. 1995). The City conceded at trial that Jackson's Title VII claim should be submitted to the jury. Even if we concluded that the City is entitled to JAML on Jackson's § 1981 and § 1983 claims, we would still affirm the $67,621.20 judgment against the City on Jackson's alternative Title VII theory of recovery. See Hervey v. City of Little Rock, 787 F.2d 1223, 1231 (8th Cir. 1986) ("[t]he common inquiry under §§ 1981, 1983 and Title VII is whether intentional discrimination was present"). Thus, the City did not preserve its JAML issues for appeal.

**B. Astorino.** Astorino timely moved for JAML on the ground of insufficient evidence of race discrimination. Therefore, he preserved that issue for appeal. We

must uphold the verdict unless "there is no legally sufficient evidentiary basis for a reasonable jury to find" that Astorino discriminated against Jackson on account of his race by delaying Jackson's promotion to Health Service Manager. FED. R. CIV. P. 50(a); see Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1335 (8th Cir. 1996).

Jackson began working for the City's Department of Health and Hospitals in 1968. In 1993, Astorino became Acting Health Commissioner, and Jackson, as manager of the Department's Food and Beverage Control and Frozen Dessert programs, began reporting to Astorino. City employees may earn promotions through a reclassification process administered by the Department of Personnel. Astorino declined to give Jackson additional responsibilities that might have led to a reclassification and pay increase. Indeed, Astorino reassigned some of Jackson's existing responsibilities to white managers. In late 1993, a white colleague friendly with Astorino was promoted. In 1994, during a Department-wide reclassification study, Jackson submitted a Position Description Questionnaire to the Department of Personnel, but Astorino attached comments that undermined Jackson's chances for a favorable reclassification. The Department of Personnel did not promote Jackson but did promote another white manager who was friendly with Astorino. In 1997, the City's Civil Service Commission upheld Jackson's appeal and awarded him a Heath Service Manager classification retroactive to August 1995. Some months later, after Astorino had resigned, Jackson's job duties were expanded to include managing both the lead abatement and food control programs. Having reviewed the trial record in the light most favorable to Jackson, we conclude there was sufficient evidence to permit the jury to find that Astorino's personnel actions involving Jackson were racially motivated and delayed Jackson's promotion to Health Service Manager.

**II.**

Defendants next argue that the district court erred in permitting a fact witness to testify as an undisclosed expert, and therefore the jury's award of non-economic damages must be reversed because it is unsupported by expert testimony. Defendants did not make this objection when the witness was testifying, and they did not argue in their pre-verdict JAML motion that Jackson's claim for non-economic damages must be rejected for lack of supporting expert evidence. Accordingly, these issues were not preserved for appeal, and we do not consider them.

**III.**

In the district court, defendants moved for a remittitur, arguing that the $20,000 judgment against Astorino should be vacated because it is duplicative of the judgment against the City. The district court denied the motion because the issue was not timely raised, a ruling defendants do not challenge on appeal. The issue reemerged at oral argument when opposing counsel disagreed as to whether the judgment in Jackson's favor is for the total amount of $87,621.20, or $67,621.20. The district court submitted, without objection, verdict forms inviting the jury to apportion any damages awarded among the defendants. The verdict forms did not ask the jury to specify the total damages it intended to award. As this case illustrates, leaving these issues unresolved is an invitation to further dispute. It may also be plain error. See Smith v. Updegraff, 744 F.2d 1354, 1367 (8th Cir. 1984). To avoid a possible second appeal in this case, we will take up the issue.

Jackson sued Astorino in his individual capacity. Therefore, Astorino is personally liable for any judgment against him. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). With the consent of the parties, the district court separately instructed the jury as to each claim against each defendant. As the district court noted, Jackson's claims under § 1981, § 1983, and Title VII "represented alternative theories of

-4-

recovery for the same injuries." Indeed, the verdict director for each claim asked the jury whether a defendant's conduct "delayed plaintiff's promotion." When a plaintiff has suffered a single or indivisible injury, the general rule is that "each tortfeasor is jointly and severally liable for the entire amount of damages." Lockard v. Missouri Pac. R.R., 894 F.2d 299, 305 (8th Cir.), cert. denied, 498 U.S. 847 (1990). However, the rule is not ironclad. See RESTATEMENT (SECOND) OF TORTS § 433A(1)(b) (damages should be apportioned where "there is a reasonable basis for determining the contribution of each cause to a single harm"). In this case, no instruction was requested, and none was given, on the question of joint and several liability.

"[O]nce an award of damages has been determined for an injury, there may not be additional compensatory damages for that same injury from two or more defendants." Bender v. City of New York, 78 F.3d 787, 793 (2d Cir. 1996). Thus, when the jury by special verdict has awarded damages against two or more tortfeasors for a single injury, and the court is unable to determine whether the jury intended to award the aggregate sum, a new trial or remittitur may be necessary to avoid the risk of a duplicative damage award. See Bender, 78 F.3d at 794-95; Rodick v. City of Schenectady, 1 F.3d 1341, 1349 (2d Cir. 1993); Smith, 744 F.2d at 1366-68. On the other hand, when the jury's intent to apportion damages among separate defendants can be discerned, or when the parties did not timely raise the issue and there is no obvious plain error, it is appropriate to affirm the award of apportioned damages as to each tortfeasor. See Thomas v. Booker, 784 F.2d 299, 307-08 (8th Cir.), cert. denied, 476 U.S. 1117 (1986); Aldrich v. Thomson McKinnon Sec., Inc., 756 F.2d 243, 248 (2d Cir. 1985).

We conclude this case falls in the latter category. There is virtually no case law addressing, for example, whether to apportion damages between a public employer liable to the plaintiff under Title VII and an individual employee liable under § 1983. See Fall v. Indiana Univ. Bd. of Trustees, 33 F. Supp. 2d 729, 734-35 (N.D. Ind. 1998) (rejecting plaintiff's post-verdict motion to impose joint and several liability). Whether

damages are capable of apportionment among separate defendants is normally an issue for the court to determine. See RESTATEMENT (SECOND) OF TORTS § 434(1)(b). In this case, no party objected to the district court's instructions and verdict forms, and no party timely raised this issue with the district court. In denying defendants' motion for remittitur, the district court construed the jury verdict as awarding the aggregate amount of $87,621.20, and nothing in the record suggests a contrary intent. Indeed, the aggregate amount awarded, $87,621.20, was well within the $150,000 compensatory damages that Jackson's counsel urged the jury to award. In these circumstances, we find no plain error and conclude that the Amended Judgment of February 18, 1999, must be enforced as the district court construed it -- the City owes Jackson $67,621.20 and Astorino owes Jackson an additional $20,000 (together with the prejudgment and postjudgment interest awarded).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-